**FILED**

JAMES J. VILT, JR. - CLERK

JUN 0 9 2025

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Criminal Action No. 3:23-CR-115-CHB-02, |
| v. | ) | 03 |
| | ) | |
| DAVID WILLIAMS, | ) | |
| COURTNEY PEOPLES, | ) | **JURY INSTRUCTIONS** |
| | ) | |
| Defendants. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

**1.01**

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every criminal case.

Then I will explain the elements, or parts, of the crimes that the defendants are accused of committing.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

1

### INSTRUCTION NO. 1 - 1.02

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendants guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers may have talked about the law during this case. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly and impartially. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

Do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases. You should not be influenced by stereotypes based on any person's age, race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.

## INSTRUCTION NO. 2 - 1.03

As you know, the defendants have pleaded not guilty to the crimes charged in the Indictment. The Indictment is not any evidence at all of guilt. It is just the formal way that the government tells a defendant what crime he or she is accused of committing. It does not even raise any suspicion of guilt.

Instead, a defendant starts the trial with a clean slate, with no evidence at all against him or her, and the law presumes that he or she is innocent. This presumption of innocence stays with the defendant unless the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he or she is guilty.

This means that the defendants have no obligation to present any evidence at all, or to prove to you in any way that they are innocent. It is up to the government to prove that the defendants are guilty, and this burden stays on the government from start to finish. You must find the defendants not guilty unless the government convinces you beyond a reasonable doubt that they are guilty.

The government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved a defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict for that defendant. If you are not convinced, say so by returning a

not guilty verdict for that defendant.

## INSTRUCTION NO. 3 - 1.04

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; the stipulations that the lawyers agreed to; and the facts that I have judicially noticed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

**INSTRUCTION NO. 4 - 1.05**

You are to consider only the evidence in the case. You should use your common sense in weighing the evidence. Consider the evidence in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences, unless otherwise instructed. Any inferences you make must be reasonable and must be based on the evidence in the case.

The existence of an inference does not change or shift the burden of proof from the government to the defendants.

## INSTRUCTION NO. 5 - 1.06

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## INSTRUCTION NO. 6 - 1.07

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

(A) Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(B) Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

(C) Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D) Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

(E) Ask yourself if the witness had any relationship to the government or the defendants, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(F) Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was

inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(G) And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

**INSTRUCTION NO. 7 – 1.07B**

You have heard the testimony of law enforcement officers. The fact that a witness is employed as a law enforcement officer does not mean that his or her testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness. You must decide, after reviewing all the evidence, whether you believe the testimony of a law enforcement witness and how much weight, if any, it deserves.

**INSTRUCTION NO. 8 - 1.08**

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

**INSTRUCTION NO. 9 - 1.09**

There is one more general subject that I want to talk to you about before I begin explaining the elements of the crimes charged.

The lawyers for both sides objected to some of the things that were said or done during the trial.  Do not hold that against either side.  The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence.  Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided.  My rulings were based on the rules of evidence, not on how I feel about the case.  Remember that your decision must be based only on the evidence that you saw and heard here in court.

**2.01**

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crimes that the defendants are accused of committing.

But before I do that, I want to emphasize that the defendants are only on trial for the particular crimes charged in the Indictment. Your job is limited to deciding whether the government has proved the crimes charged.

Also keep in mind that whether anyone else should be prosecuted and convicted for these crimes is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved these defendants guilty. Do not let the possible guilt of others influence your decision in any way.

**INSTRUCTION NO. 10 – 2.01D**

The defendants have been charged with multiple crimes.  I will explain to you in more detail shortly which defendants have been charged with which crimes.  But before I do that, I want to emphasize several things.

The number of charges is no evidence of guilt, and this should not influence your decision in any way.  And in our system of justice, guilt or innocence is personal and individual.  It is your duty to separately consider the evidence against each defendant on each charge, and to return a separate verdict for each one of them.  For each one, you must decide whether the government has presented proof beyond a reasonable doubt that a particular defendant is guilty of a particular charge.

Your decision on any one defendant or one charge, whether it is guilty or not guilty, should not influence your decision on any of the other defendants or charges.

### INSTRUCTION NO. 11 – 14.05 – Count 1

Count 1 of the Indictment charges both defendants with conspiracy to possess with intent to distribute a mixture and substance containing a detectable amount of heroin. It is a crime for two or more persons to conspire, or agree, to commit a drug crime, even if they never actually achieve their goal.

A conspiracy is a kind of criminal partnership. For you to find any one of the defendants guilty of the conspiracy charge, the government must prove each and every one of the following elements beyond a reasonable doubt:

> (A) First, that two or more persons conspired, or agreed, to possess with intent to distribute a mixture and substance containing a detectable amount of heroin.

> (B) Second, that the defendant knew of the conspiracy and its objects and goals, and

> (C) Third, that the defendant joined the conspiracy with the intent that at least one of the conspirators engage in conduct that satisfies the elements of possession with intent to distribute a mixture and substance containing a detectable amount of heroin.

Now I will give you more detailed instructions on some of these terms.

> (A) With regard to the first element – a criminal agreement – the government must prove that two or more persons conspired, or agreed, to cooperate with each other to possess with intent to distribute a mixture and substance containing a detectable amount of heroin.

> > (1) Proof of conspiracy does not require proof of any formal agreement, written or spoken. Nor does this require proof that

15

everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. Nor is a single transaction between a buyer and a seller sufficient to establish the existence of a conspiracy. These are things that you may consider in deciding whether the government has proved an agreement. But without more they are not enough.

(2) What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to possess with intent to distribute a mixture and substance containing a detectable amount of heroin. This is essential.

(3) An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

(B) With regard to the second and third elements – the defendant's connection to the conspiracy – the government must prove that the defendants knew of the conspiracy and its objects and goals, and joined the conspiracy with the intent that at least one of the conspirators engage in conduct that satisfies the elements of possession with intent to distribute a mixture and substance containing a detectable amount of heroin.

(1) You must consider each defendant separately in this regard.

16

(2) Proof of conspiracy does not require proof that a defendant knew everything about the conspiracy, or everyone else involved, or that he or she was a member of it from the very beginning. Nor does it require proof that a defendant played a major role in the conspiracy, or that his or her connection to it was substantial. A slight role or connection may be enough.

(3) Further, this does not require proof that the defendant knew the drug involved was a mixture and substance containing a detectable amount of heroin. It is enough that the defendant knew that it was some kind of controlled substance. Nor does this require proof that the defendant knew how much mixture and substance containing a detectable amount of heroin was involved. It is enough that the defendant knew that some quantity was involved.

(4) But proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he or she approved of what was happening or did not object to it. Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him or her a conspirator. These are all things that you may consider in deciding whether the government has proved that a defendant joined a conspiracy. But without more they are not enough.

(5) A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he or she knew of the conspiracy and its objects or goals. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

(C) The term "possess" means actual or constructive possession. Actual possession means a defendant or a co-conspirator had direct, physical control over the mixture and substance containing a detectable amount of heroin, and knew that he or she had control of it. Constructive possession means a defendant or a co-conspirator had the right to exercise physical control over the mixture and substance containing a detectable amount of heroin, and knew that he or she had this right, and that he or she intended to exercise physical control over the mixture and substance containing a detectable amount of heroin at some time, either directly or through other persons.

(D) One more thing about possession. The government does not have to prove that a defendant was the only one who had possession of the mixture and substance containing a detectable amount of heroin. Two or more people can together share actual or constructive possession over property. And if they do, both are considered to have possession as far as the law is concerned.

(E) The phrase "intent to distribute" means a defendant or a co-conspirator intended to deliver or transfer a controlled substance sometime in the future. The term distribute includes the actual or constructive transfer of a controlled substance. To distribute a controlled substance, there need not be an exchange of money.

**INSTRUCTION NO. 12 – 14.07B**

Both defendants are charged in Count 1 of the Indictment with conspiracy to possess with intent to distribute a mixture and substance containing a detectable amount of heroin. If you find the defendants guilty of this charge, you will then be asked to determine the quantity of the controlled substance involved in the conspiracy that was attributable to him or her as the result of his or her own conduct and the conduct of other co-conspirators that was reasonably foreseeable to him or her. You will be provided with a special verdict form for this purpose.

If you find by unanimous agreement that the government has proved beyond a reasonable doubt that a quantity of at least 1 kilogram of a mixture and substance containing a detectable amount of heroin was attributable to a defendant as the result of his or her own conduct and the conduct of other co-conspirators that was reasonably foreseeable to him or her, then please indicate this finding on the special verdict form.

If you do not so find, you will then be asked to determine whether the government has proved a lesser quantity. If you unanimously find that the government has proved beyond a reasonable doubt that a quantity of at least 100 grams of a mixture and substance containing a detectable amount of heroin was attributable to a defendant as the result of his or her own conduct and the conduct of other co-conspirators that was reasonably foreseeable to him or her, then please indicate this finding on the special verdict form.

In determining the quantity of the controlled substance, you need not find that the defendant knew that his or her offense involved this quantity of drugs.

**INSTRUCTION NO. 13 – 14.05 – Count 2**

Count 2 of the Indictment charges both defendants with conspiracy to possess with intent
to distribute a mixture and substance containing a detectable amount of fentanyl. It is a crime
for two or more persons to conspire, or agree, to commit a drug crime, even if they never
actually achieve their goal.

A conspiracy is a kind of criminal partnership. For you to find any one of the defendants
guilty of the conspiracy charge, the government must prove each and every one of the
following elements beyond a reasonable doubt:

> (A) First, that two or more persons conspired, or agreed, to possess with intent to
> distribute a mixture and substance containing a detectable amount of fentanyl.
>
> (B) Second, that the defendant knew of the conspiracy and its objects or
> goals, and
>
> (C) Third, that the defendant joined the conspiracy with the intent that at
> least one of the conspirators engage in conduct that satisfies the
> elements of possession with intent to distribute a mixture and
> substance containing a detectable amount of fentanyl.

Now I will give you more detailed instructions on some of these terms.

> (A) With regard to the first element – a criminal agreement – the government
> must prove that two or more persons conspired, or agreed, to cooperate
> with each other to possess with intent to distribute a mixture and substance
> containing a detectable amount of fentanyl.
>
>> (1) Proof of conspiracy does not require proof of any formal
>> agreement, written or spoken. Nor does this require proof that

everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. Nor is a single transaction between a buyer and a seller sufficient to establish the existence of a conspiracy. These are things that you may consider in deciding whether the government has proved an agreement. But without more they are not enough.

(2) What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to possess with intent to distribute a mixture and substance containing a detectable amount of fentanyl. This is essential.

(3) An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

(B) With regard to the second and third elements – the defendant's connection to the conspiracy – the government must prove that the defendants knew of the conspiracy and its objects or goals and joined the conspiracy with the intent that at least one of the conspirators engage in conduct that satisfies the elements of possession with intent to distribute a mixture and substance containing a detectable amount of fentanyl.

(1)  You must consider each defendant separately in this regard.

(2)  Proof of conspiracy does not require proof that a defendant knew everything about the conspiracy, or everyone else involved, or that he or she was a member of it from the very beginning.  Nor does it require proof that a defendant played a major role in the conspiracy, or that his or her connection to it was substantial.  A slight role or connection may be enough.

(3)  Further, this does not require proof that the defendant knew the drug involved was a mixture and substance containing a detectable amount of fentanyl. It is enough that the defendant knew that it was some kind of controlled substance.  Nor does this require proof that the defendant knew how much mixture and substance containing a detectable amount of fentanyl was involved.  It is enough that the defendant knew that some quantity was involved.

(4)  But proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he or she approved of what was happening or did not object to it. Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him or her a conspirator. These are all things that you may consider in deciding whether the government has proved that a defendant joined a conspiracy.

But without more they are not enough.

(5) A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he or she knew of the conspiracy and its objects or goals. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

(C) The term "possess" means actual or constructive possession. Actual possession means a defendant or a co-conspirator had direct, physical control over the mixture and substance containing a detectable amount of fentanyl, and knew that he or she had control of it. Constructive possession means a defendant or a co-conspirator had the right to exercise physical control over the mixture and substance containing a detectable amount of fentanyl, and knew that he or she had this right, and that he or she intended to exercise physical control over mixture and substance containing a detectable amount of fentanyl at some time, either directly or through other persons.

(D) One more thing about possession. The government does not have to prove that a defendant was the only one who had possession of the mixture and substance containing a detectable amount of fentanyl. Two or more people can together share actual or constructive possession over property. And if they do, both are considered to have possession as far as the law is concerned.

(E) The phrase "intent to distribute" means a defendant or a co-conspirator intended to deliver or transfer a controlled substance sometime in the future. The term distribute includes the actual or constructive transfer of a controlled substance.

To distribute a controlled substance, there need not be an exchange of money.

### INSTRUCTION NO. 14 – 14.07B

Both defendants are charged in Count 2 of the Indictment with conspiracy to possess with intent to distribute a mixture and substance containing a detectable amount of fentanyl. If you find the defendants guilty of this charge, you will then be asked to determine the quantity of the controlled substance involved in the conspiracy that was attributable to him or her as the result of his or her own conduct and the conduct of other co-conspirators that was reasonably foreseeable to him or her. You will be provided with a special verdict form for this purpose.

If you find by unanimous agreement that the government has proved beyond a reasonable doubt that a quantity of at least 400 grams of a mixture and substance containing a detectable amount of fentanyl was attributable to a defendant as the result of his or her own conduct and the conduct of other co-conspirators that was reasonably foreseeable to him or her, then please indicate this finding on the special verdict form.

If you do not so find, you will then be asked to determine whether the government has proved a lesser quantity.  If you unanimously find that the government has proved beyond a reasonable doubt that a quantity of at least 40 grams of a mixture and substance containing a detectable amount of fentanyl was attributable to a defendant as the result of his or her own conduct and the conduct of other co-conspirators that was reasonably foreseeable to him or her, then please indicate this finding on the special verdict form.

In determining the quantity of the controlled substance, you need not find that the defendant knew that his or her offense involved this quantity of drugs.

**INSTRUCTION NO. 15 - 3.06**

Now, some of the people who may have been involved in these events are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

Nor is there any requirement that the names of the other conspirators be known. An indictment can charge a defendant with a conspiracy involving people whose names are not known, as long as the government can prove that the defendant conspired with one or more of them. Whether they are named or not does not matter.

**INSTRUCTION NO. 16 - 3.07**

Now, some of the events that you have heard about happened in other places. There is no requirement that the entire conspiracy take place here in the Western District of Kentucky. But for you to return a guilty verdict on the conspiracy charges, the government must convince you that either the agreement or one of the acts in furtherance took place here in the Western District of Kentucky.

Unlike all the other elements that I have described, this is just a fact that the government only has to prove by a preponderance of the evidence. This means the government only has to convince you that it is more likely than not that part of the conspiracy took place here.

Remember that all the other elements I have described must be proved beyond a reasonable doubt.

### INSTRUCTION NO. 17 – 14.01 – Count 3

Count 3 of the Indictment charges Defendant David Williams with the crime of possession of a mixture and substance containing a detectable amount of cocaine with intent to distribute. Cocaine is a controlled substance. For you to find Defendant David Williams guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A) First, Defendant David Williams knowingly and intentionally possessed a mixture and substance containing a detectable amount of cocaine.

(B) Second, Defendant David Williams intended to distribute the mixture and substance containing a detectable amount of cocaine.

Now I will give you more detailed instructions on some of these terms.

(A) The term "possession" means Actual, Constructive, or Joint Possession as those terms are defined in Jury Instructions 18 and 19.

(B) To prove that Defendant David Williams "knowingly" possessed the mixture and substance containing a detectable amount of cocaine, the defendant did not have to know that the substance was a mixture and substance containing a detectable amount of cocaine. It is enough that the defendant knew that it was some kind of controlled substance. Further, the defendant did not have to know how much mixture and substance containing a detectable amount of cocaine he possessed. It is enough that the defendant knew that he possessed some quantity of a mixture and substance containing a detectable amount of cocaine.

(C) The phrase "intended to distribute" means Defendant David Williams intended to deliver or transfer a controlled substance sometime in the future. The term

distribute includes the actual or constructive transfer of a controlled substance.

To distribute a controlled substance, there need not be an exchange of money.

In determining whether Defendant David Williams had the intent to distribute, you may consider all the facts and circumstances shown by the evidence, including Defendant David Williams's words and actions. Intent to distribute can be inferred from the possession of a large quantity of drugs, too large for personal use alone.  You may also consider the estimated street value of the drugs, the purity of the drugs, the manner in which the drugs were packaged, the presence or absence of a large amount of cash, the presence or absence of weapons, and the presence or absence of equipment used for the sale of drugs.  The law does not require you to draw such an inference, but you may draw it.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict against Defendant David Williams on Count 3. If you have a reasonable doubt about any one of these elements, then you must find Defendant David Williams not guilty of Count 3.

### INSTRUCTION NO. 18 – 2.10

Next, I want to explain something about possession. The government does not necessarily have to prove that Defendant David Williams physically possessed the mixture and substance containing a detectable amount of cocaine for you to find him guilty of Count 3. The law recognizes two kinds of possession--actual possession and constructive possession. Either one of these, if proved by the government, is enough to convict.

To establish actual possession, the government must prove that Defendant David Williams had direct, physical control over the mixture and substance containing a detectable amount of cocaine, and knew that he had control of it.

To establish constructive possession, the government must prove that Defendant David Williams had the right to exercise physical control over the mixture and substance containing a detectable amount of cocaine, and knew that he had this right, and that he intended to exercise physical control over the mixture and substance containing a detectable amount of cocaine at some time, either directly or through other persons.

For example, if you left something with a friend intending to come back later and pick it up, or intending to send someone else to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend.

But understand that just being present where something is located does not equal possession. The government must prove that Defendant David Williams had actual or constructive possession of the mixture and substance containing a detectable amount of cocaine, and knew that he did, for you to find him guilty of Count 3. This, of course, is all for you to decide.

**INSTRUCTION NO. 19 – 2.11**

One more thing about possession.  The government does not have to prove that Defendant David Williams was the only one who had possession of the mixture and substance containing a detectable amount of cocaine.  Two or more people can together share actual or constructive possession over property.  And if they do, both are considered to have possession as far as the law is concerned.

But remember that just being present with others who had possession is not enough to convict.  The government must prove that Defendant David Williams had either actual or constructive possession of the mixture and substance containing a detectable amount of cocaine, and knew that he did, for you to find him guilty of Count 3.  This, again, is all for you to decide.

### INSTRUCTION NO. 20 – 4.01

For you to find Defendant David Williams guilty of the crime charged in Count 3 of the Indictment, it is not necessary for you to find that he personally committed the crime. You may also find him guilty if he intentionally helped someone else to commit the crime. A person who does this is called an aider and abettor.

But for you to find Defendant David Williams guilty of the crime charged in Count 3 of the Indictment as an aider and abettor, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

> (A) First, that the crime of possession of a mixture and substance containing a detectable amount of cocaine with intent to distribute was committed.

> (B) Second, that Defendant David Williams helped to commit the crime.

> (C) And third, that Defendant David Williams intended to help commit the crime.

Proof that Defendant David Williams may have known about the crime, even if he was there when it was committed, is not enough for you to find him guilty. You can consider this in deciding whether the government has proved that he was an aider and abettor, but without more it is not enough.

What the government must prove is that Defendant David Williams did something to help the crime with the intent that the crime be committed.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict against Defendant David Williams on Count 3. If you have a reasonable doubt about any one of these elements, then you cannot find Defendant David Williams guilty of Count 3 as an aider and abettor.

## INSTRUCTION NO. 21 – 14.07A

Defendant David Williams is charged in Count 3 of the Indictment with the crime of possession of a mixture and substance containing a detectable amount of cocaine with intent to distribute. If you find Defendant David Williams guilty of this charge, you will then be asked to determine the quantity of the controlled substance involved in the offense. You will be provided with a special verdict form for this purpose.

If you find by unanimous agreement that the government has proved beyond a reasonable doubt that the offense involved a quantity of at least five kilograms of a mixture and substance containing a detectable amount of cocaine, then please indicate this finding by checking that line on the special verdict form.

If you do not so find, you will then be asked to determine whether the government has proved a lesser quantity. If you unanimously find that the government has proved beyond a reasonable doubt that the offense involved a quantity of at least 500 grams of a mixture and substance containing a detectable amount of cocaine, then please indicate this finding by checking that line on the special verdict form.

In determining the quantity of the controlled substance involved in the offense, you need not find that Defendant David Williams knew the quantity involved in the offense.

**INSTRUCTION NO. 22 – 2.04**

Next, I want to say a word about the dates mentioned in the Indictment.

The Indictment charges that Counts 1 and 2 occurred "beginning on a date unknown, but at least as early as December 2, 2019, and continuing to on or about July 23, 2020." The Indictment charges that Count 3 occurred "on or about December 12, 2019." The government does not have to prove that each crime happened on that exact date.  But the government must prove that each crime happened reasonably close to that date.

**INSTRUCTION NO. 23 – 2.08**

Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did or did not do, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

## INSTRUCTION NO. 24 – 2.09

Next, I want to explain something about proving a defendant's knowledge.

No one can avoid responsibility for a crime by deliberately ignoring the obvious. As to Counts 1 and 2 of the Indictment, if you are convinced that Defendant David Williams deliberately ignored a high probability that he was participating in the possession of controlled substances, such as heroin and fentanyl, with the intent to distribute, then you may find that he knew that he was participating in the possession of controlled substances, such as heroin and fentanyl, with the intent to distribute.

But to find this with respect to Counts 1 and 2 of the Indictment, you must be convinced beyond a reasonable doubt that Defendant David Williams was aware of a high probability that he was participating in the possession of controlled substances, such as heroin and fentanyl, with the intent to distribute, and that Defendant David Williams deliberately closed his eyes to what was obvious. Carelessness, or negligence, or foolishness on his part is not the same as knowledge, and is not enough to convict. This, of course, is all for you to decide.

As to Count 3 of the Indictment, if you are convinced that Defendant David Williams deliberately ignored a high probability that he possessed a controlled substance, such as cocaine, then you may find that he knew that he possessed a controlled substance, such as cocaine.

But to find this with respect to Count 3 of the Indictment, you must be convinced beyond a reasonable doubt that Defendant David Williams was aware of a high probability that that he possessed a controlled substance, such as cocaine, and that Defendant David Williams deliberately closed his or her eyes to what was obvious. Carelessness, or negligence, or foolishness on his part is not the same as knowledge, and is not enough to convict. This, of course, is all for you to decide.

**INSTRUCTION NO. 25 – 2.12**

Although the Indictment charges that the statute was violated by acts that are connected by the word "and," it is sufficient if the evidence establishes a violation of the statute by any one of the acts charged.  Of course, this must be proved beyond a reasonable doubt.

**7.01**

That concludes the part of my instructions explaining the elements of the crime. Next I

will explain some rules that you must use in considering some of the testimony and evidence.

**INSTRUCTION NO. 26 - 7.02A**

A defendant has an absolute right not to testify. The fact that Defendant Courtney Peoples did not testify cannot be considered by you in any way. Do not even discuss it in your deliberations.

Remember that it is up to the government to prove the defendants guilty beyond a reasonable doubt. It is not up to the defendants to prove that they are innocent.

**INSTRUCTION NO. 27 – 7.02B**

You have heard Defendant David Williams testify.  Earlier, I talked to you about the "credibility" or the "believability" of the witnesses.  And I suggested some things for you to consider in evaluating each witness's testimony.

You should consider those same things in evaluating Defendant David Williams's testimony.

**INSTRUCTION NO. 28 - 7.03**

You have heard the testimony of Special Agent Justin Brandt, who testified as an opinion witness.

You do not have to accept this witness's opinion.  In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions.  Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

**INSTRUCTION NO. 29 - 7.03A**

You have heard the testimony of Forensic Chemist Logan Jamison, DEA Special Agent

Brent Halbert, and DEA Special Agent Grant Baginski, who testified to both facts and opinions.

Each of these types of testimony should be given the proper weight.

As to the testimony on facts, consider the factors discussed earlier in these instructions

for weighing the credibility of witnesses.

As to the testimony on opinions, you do not have to accept these witnesses' opinions.  In

deciding how much weight to give them, you should consider each witness's qualifications and

how he reached his conclusions along with the other factors discussed in these instructions for

weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how

much weight it deserves.

**INSTRUCTION NO. 30 - 7.04**

You have heard the testimony of DEA Special Agent Grant Baginski, DEA Special Agent Corey Geller, and Cortayza (Bostic) Ingram.  You have also heard that before this trial these witnesses made statements that may be different from their testimony here in court.

DEA Special Agents Grant Baginski and Corey Geller made statements in warrant affidavits.

Cortayza (Bostic) Ingram made statements regarding her observations at 317 Chariot Court.

These earlier statements were brought to your attention only to help you decide how believable these witnesses' testimony was.  You cannot use it as proof of anything else.  You can only use it as one way of evaluating their testimony here in court.

**INSTRUCTION NO. 30(A)**

You have heard the testimony of Savina Fairley. You have also heard that cell-phone

subscriber address information may have been different from her testimony here in court.

This subscriber address information was brought to your attention only to help you

decide how believable her testimony was. You cannot use it as proof of anything else. You can

only use it as one way of evaluating her testimony here in court.

**INSTRUCTION NO. 31 - 7.17**

You have heard some recorded conversations that were received in evidence, and you were shown some written transcripts of the recordings.

Keep in mind that the transcripts are not evidence. They were shown to you only as a guide to help you follow what was being said. The recordings themselves are the evidence. If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of the recordings, you must ignore the transcripts as far as those parts are concerned.

**INSTRUCTION NO. 32 - 7.19**

I have decided to accept as proved the following facts, even though no evidence was presented on these points. You may accept these facts as true, but you are not required to do so.

1.  July 2, 2020 was a Thursday.

2.  Louisville, Jefferson County, Kentucky is in the Western District of Kentucky.

**INSTRUCTION NO. 33 - 7.21**

The government and the defendants have agreed, or stipulated, to certain facts.

Therefore, you must accept the following stipulated facts as proved:

On or about December 12, 2019, the item identified as Government Exhibit 2A, was taken

into custody as evidence by Drug Enforcement Administration (DEA) Special Agents and a Task

Force Officer from 1506 Crums Lane and was maintained in evidence. This item remained in the

same status as when it was seized with no material change in condition or content until it was

tested by a Chemist at the DEA Laboratory.

On or about July 23, 2020, the items identified as Government Exhibits 19A, 20A, 21A,

22A, 23A, 24A, 25A, 26A, and 27A, were taken into custody as evidence by DEA Special Agents

and a Task Force Officer from 317 Chariot Court and were maintained in evidence. These items

remained in the same status as when they were seized with no material change in condition or

content until they were tested by Chemists at the DEA Laboratory.

That Government **Exhibit 2A** is the same as that seized from the cab of a Volvo Tractor

Trailer, located at 1506 Crums Lane, on December 12, 2019, and tested by Forensic Chemist Tara

Remagen of the DEA Mid-Atlantic Laboratory in Largo, MD.

That the tests conducted by the DEA Lab concluded the substance contained cocaine and

had a total weight of 23.9 kilograms.

That Government **Exhibit 19A** is the same as that seized from the blue and black duffel

bag located inside the master bedroom's closet, located at 317 Chariot Court, on July 23, 2020,

and tested by Forensic Chemist Logan Jamison of the DEA Mid-Atlantic Laboratory in Largo,

MD.

That the tests conducted by the DEA lab concluded the substance contained heroin and had a total weight of 5788.2 grams (5.7882 kilograms).

That Government **Exhibit 20A** is the same as that seized from the Toolbox located within the master bedroom's closet, located at 317 Chariot Court, on July 23, 2020, and tested by Forensic Chemist Erin Lloyd of the DEA Mid-Atlantic Laboratory in Largo, MD.

That the tests conducted by the DEA lab concluded the substance contained fentanyl and had a total weight of 996.6 grams.

That Government **Exhibit 21A** is the same as that seized from the Toolbox located within the master bedroom's closet, located at 317 Chariot Court, on July 23, 2020, and tested by Forensic Chemist Brittany Harper of the DEA Mid-Atlantic Laboratory in Largo, MD.

That the tests conducted by the DEA lab concluded the substance contained fentanyl and had a total weight of 162.16 grams.

That Government **Exhibit 22A** is the same as that seized from the Toolbox located within the master bedroom's closet, located at 317 Chariot Court, on July 23, 2020, and tested by forensic Chemist Erika Derks of the DEA Mid-Atlantic Laboratory in Largo, MD.

That the tests conducted by the DEA lab concluded the substance contained heroin/fentanyl and had a total weight of 153.74 grams.

That Government **Exhibit 23A** is the same as that seized from the toolbox located within the master bedroom's closet, located at 317 Chariot Court, on July 23, 2020, and tested by Forensic Chemist Yvette Johnson of the DEA Mid-Atlantic Laboratory in Largo, MD.

That the tests conducted by the DEA lab concluded the substance contained fentanyl and had a total weight of 184.89 grams.

That Government **Exhibit 24A** is the same as that seized from the toolbox located within the master bedroom's closet, located at 317 Chariot Court, on July 23, 2020, and tested by Forensic Chemist Erika Derks of the DEA Mid-Atlantic Laboratory in Largo, MD.

That the tests conducted by the DEA lab concluded the substance contained heroin and had a total weight of 302.3 grams.

That Government **Exhibit 25A** is the same as that seized from the toolbox located within the master bedroom's closet, located at 317 Chariot Court, on July 23, 2020, and tested by Forensic Chemist Erika Derks of the DEA Mid-Atlantic Laboratory in Largo, MD.

That the tests conducted by the DEA lab concluded the substance contained heroin/fentanyl with a weight of 43.295 grams and heroin with weights of 56.030 grams and 28.193 grams.

That Government **Exhibit 26A** is the same as that seized from the toolbox located within the master bedroom's closet, located at 317 Chariot Court, on July 23, 2020, and tested by Forensic Chemist Yvette Johnson of the DEA Mid-Atlantic Laboratory in Largo, MD.

That the tests conducted by the DEA lab concluded the substance contained fentanyl with a total weight of 2818 grams (2.818 kilograms) and contained heroin with a total weight of 668 grams.

That Government **Exhibit 27A** is the same as that seized from the toolbox located within the master bedroom's closet, located at 317 Chariot Court, on July 23, 2020, and tested by forensic Chemist Erika Derks of the DEA Mid-Atlantic Laboratory in Largo, MD.

That the tests conducted by the DEA lab concluded the substance contained fentanyl and had a total weight of 969.7 grams.

That Government **Exhibit 33** is the same as that seized from the backseat of Kei Myree's vehicle during a traffic stop on December 5, 2019, and tested by Forensic Chemist Louis Chavez of the DEA North Central Laboratory in Chicago, IL.

That the tests conducted by the DEA lab concluded the substance contained cocaine and had a total weight of 11084 grams (11.084 kilograms).

That Government **Exhibit 44A** is the same as that seized from the toolbox in the master bedroom's closet, located at 317 Chariot Court, on July 23, 2020, and tested by Forensic Chemist Yvette Johnson of the DEA Mid-Atlantic Laboratory in Largo, MD.

That the tests conducted by the DEA lab concluded the substance contained fentanyl and had a total weight of 74.2 grams.

**8.01**

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the court security officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the court security officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

If you want to see any of the physical exhibits that were admitted in evidence, you may send me a message, and those exhibits will be provided to you.

One more thing about messages. Do not ever write down or tell anyone, including me, how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

### INSTRUCTION NO. 34 – 8.02

Remember that you must make your decision based only on the evidence that you saw and heard here in court.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

**INSTRUCTION NO. 35 – 8.03**

Your verdict, whether it is guilty or not guilty, must be unanimous as to each count.

To find a defendant guilty of a particular count, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his or her guilt beyond a reasonable doubt.

To find a defendant not guilty of a particular count, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous as to each count.

**INSTRUCTION NO. 36 – 8.04**

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that--your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendants guilty beyond a reasonable doubt.

**INSTRUCTION NO. 37 – 8.05**

If you decide that the government has proved the defendants guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the government has proved the defendants guilty beyond a reasonable doubt.

### INSTRUCTION NO. 38 – 8.06

I have prepared verdict forms that you should use to record your verdict.

If you decide that the government has proved the charges against the defendants beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the government has not proved a charge against the defendants beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Your foreperson should then sign the form, put the date on it, and return it to me.

**INSTRUCTION NO. 39 – 8.08**

Remember that the defendants are only on trial for the particular crimes charged in the
Indictment. Your job is limited to deciding whether the government has proved the crimes
charged.

Also remember that whether anyone else should be prosecuted and convicted for these
crimes is not a proper matter for you to consider.  The possible guilt of others is no defense to a
criminal charge.  Your job is to decide if the government has proved these defendants guilty.  Do
not let the possible guilt of others influence your decision in any way.

**INSTRUCTION NO. 40 – 8.09**

Let me finish up by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You decide for yourselves if the government has proved the defendants guilty beyond a reasonable doubt.

**INSTRUCTION NO. 41 – 8.10**

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids.  You should not give your notes greater weight than your independent recollection of the evidence.  You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.